*1224-15*

Cause Number _____

ORIGINAL

IN THE COURT OF

CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 13 2015

Abel Acosta, Clerk

MICHAEL RAY KENNEDY

(Appellant)

VS.

FILED IN
COURT OF CRIMINAL APPEALS

NOV 13 2015

Abel Acosta, Clerk

The State of TEXAS

(Appellee)

## APPELLANTS PETITION FOR DISCRETIONARY REVIEW

Appeal in Cause Number 67.789-E In The 108th
District Court of Potter County TEXAS.

Michael Ray Kennedy
Appearing Pro-Se
Stevenson Unit TDCJ
1525 FM 766
Cuero,TEXAS 77954

## ORAL ARGUMENT
## "REQUESTED"

# TABLE OF CONTENTS

| | Pages |
|---|---|
| STATEMENT OF THE CASE | ...2 |
| PROCEDURAL HISTORY | ...2 |
| STATEMENT REGAURDING ORAL ARGUMENT | ...III |
| LIST OF AUTHORITYS | ...IV,V,VI. |
| QUESTION OF REVIEW | ...2,3. |
| QUESTIONS FOR REVIEW NUMBER ONE | ...3 |

Was the court of appeals correct over ruling motion for the rehearing,when there was constutional error,restraints or Interest of justice requireing appellate court to hear new issues on(Due Process) violations.

| Reasons for Review | ...3 |
| QUESTIONS FOR REVIEW NUMBER TWO | ...5 |

Was Trial Attorney ineffective for not filing motion to qualify expert and to conduct gatekeeper hearing and failing to file motion for ballistics testing.failing to file motion to suppress evidence.

| Failure to Investigate. | ...5 |
| QUESTION FOR REVIEW NUMBER THREE | ...10 |

Was appeal attorney ineffective for raising only one ground in brief, Failing to allege harm in brief that officer was not qualified to testify as expert.Was appeal attorney ineffective for not raising sufficent evidence,claim as well as whether circumstantial evidence was legally sufficient, to establish guilt and failing to investigate a text message not registered to appellant.

| | ...10 |

Question for Review four (Continued) ...... -15

Was the Seventh Court of Appeas Correct in Denying both due process and equal protection of law to impeach two witnesses with evidence of prior crime of moral turpitude as permitted by rule 609(a) Tx.R.of evidence Attempting to preserve error in amened motion for new trial.

REASON FO REVIEW ....... 15

Question for Review Number Five ........ 15

Was court of Criminal Appeals in error denying motion to appoint counsel.Was the court of appeals seventh district Amarillo,Texas in error dismissing motion for forensic analysis and testing and motion for appointment of counsel..

Reason for Review ...... 15

PRAYER ....... 18

CERTIFICATE OF SERVICE ....... 18

APPENDEX ....... 19

AFFIDAVIT OF GLENDA PEMBERTON EXHIBITS ....... B

REPORTER RECORDS VS OPINION OF COURT """""" ...... V.2 & 3 (c)

MOTION FOR FORENSIC TESTING """""" ....... d

MOTION FOR APPOINTMENT OF COUNSEL """""" ....... E

LETTER FROM DAVID MARTINEZ """""" ....... A

MOTION FOR REHEARING PRO-SE EXHIBITS ....... F

STATES BRIEF EXHIBIT ....... 6

# STATEMENT REGAURDING ORAL
## ARGUMENT

Why Oral Argument would be Helpful; David Martinez ,Attorney Wrote
in a Memo. David Martinez Said He Would Prepair a Motion for Re-
-Hearing, [HE DID NOT]. A Pro-Se Motion was Filed for Rehearing.
A Affidavit is Attached by Glenda Pemberton who Could Testify to
The Facts , That were told to Her by David Martinez Attorney. He
did Not Follow up on or Function as a Skilled Attorney,He Stated;
He Would file for Motin for Rehearing,
Also and Did Not."View Affidavit" and Exhibit[B] [A] of Memo From
Attorney.
Claims of Ineffective Assistance of Counsel Frequently Require An
Evidentary Hearing. Where there is a Dispute Between the Client and
Attorney Over What Occured. The Trial Court is Required to Make a
Credibility Determination that can Best be made After a Live Hearing.
SEE **Gallego V.United States 174. F.3d 1196(11th Cir.1999).**

Attorney Lied to Appallants Mother and During Trial was Scheduling
Other Clients on his Computer and Told his Mother That he Would Write
an Affidavit That He Mr. Martinez has Hearing Problems and was Unable
to Hear Proceedings of the Trial, He Never Gave or Wrote An Affidavit.

Oral Argument is Needed on The Bullet Issue 380.or 38. and Why Appeal
Attorney Did Not do a Investigation of the Case.

## REQUEST ORAL ARGUMENT.

III.

# LIST OF AUTHORITIES

## Cases:

| | Pages |
|---|---|
| Farrell V.State 864 S.W.2d 50 (Tex.Crim.App.1993) | 3 |
| Smith V.Robbins 528 U.S. 259 (2000) | 3 |
| Evitts V. Lucey 469.U.S. 387 105 S.CT 830,831 L.Ed 2d 821 (1985) | 3 |
| Wiggings V.Smith 539 U.S. 510 (2003) | 3,9 |
| ExParte White 160 S.W.3d 46,53 (Tex.Crim.App.2004) | 4,7 |
| Vaughn V State 931 S.W.2d 564,566(Tex.Crim.App.1996) | 4 |
| Russean V.State 171 S.W.3d 871,881(Tex.Crim.App.2005) | 4 |
| Powell V.Alabama 287 U.S. 45,53. S.CT 55,77 L.ED 158 (1932) | 4,6 |
| Estate of Rogers V.Comm's 320 U.S. 410,413(1943) Frankurter Jr. | 5 |
| In Rochelle V.State 791 S.W.2d 121 (TEX.CRIM.APP.1990) | 5,12,15 |
| ExParte McPherson 32 S.W.3d 860,861(Tex.Crim.App.2000) | 5,9 |
| McMann V.Richardson 397 U.S. 759,771 n.14 90 S.CT 1441,1449 25 L.ED 2d 763 (1970) | 6 |
| United States V. Morrison 449 U.S.361,364. 101 S.CT 665,667.66 L.ED 2d 564 (1981) | 6 |
| Cuyler V.Sullivan 446 U.S. 335,343.100 S.CT 1708,1715.64 L.ED 2d 333 (1980) | 6 |
| Anders V. California 386 U.S.738,743. 87 S.CT.1396,1399.18 L.ED 2d 493 (1967) | 6 |
| Strickland V.Washington 466 U.S.668.104 S.CT 2052.80 L.ED 2d 694 (1984) | 6,8 |
| Hernandez V.State 726 S.W.2d 53,57(Tex.Crim.App.1986) | 6 |
| United States V.Cronic at 659.n.26.104 S.Ct at 2047 N.26 | 6 |
| Kelly V. 824 S.W.2d 568 (TEx.Crim.App.1992) | 7,8 |
| Robinson 923 S.W.2d at 557 | 7 |
| Maritime Overseas Corp 971 S.W.2d at 409 | 7 |
| Austin V.Kerr McGee Refining Corp 25.S.W.3d 280,285 (Tex.App. Texarkana 2000) | 7 |
| Crutcher V.State 481 S.W.2d.113 (Tex.Crim.App.1972) | 8 |
| Tovar V.State 221 S.W.3d 185,190-91(Tex.App.Houston 1st Dist 2006 NO Pet) | 8 |
| Hartman V.State 946 S.W.2d. 60 (Tex.Crim.App.1997) | 8 |
| Daubert V.Merrell Dow Pharm,Inc 509. U.S. 597,594.113 S.CT 2786 125 L.ED 2d 469(1993) | 8 |
| Kumbo Tire Co V. Carmichael 526 U.S. 137 (1999) | 8 |

McBride V.State 838 S.W.2d 248 at 251 — 9,17

Sims V.Livesay 970 F.2d 1575 (CA.1992) — 9

Evitts V.Lucey 469 U.S.387.105 S.CT 830.83 L.ED 2d 821(1985) — 10

Lofton V.Whitley 905.F.2d 885.n.p.887 — 10

Haynes V. State 790 S.W.2d 824,827(Tex.Crim.App.1990) — 10

United States V. Cronic Supra at 658.104 S.CT at 2046(Const Violation — 10

Reyes V.State 849 S.W.2d 812,815(Tex.Crim.App.1993) — 11

Morales V.State 32 S.W.3d 862,867 (Tex.Crim.App.2000) — 11

Vas Quez 830 S.W.2d at 951 — 12

In Stone V.State 17 S.W.3d 348 (Tex.App.Corpus Crristi 2000) — 13

Jackson V.Virgina 443 U.S. 307.99 S.CT 2781.61 L.ED 2d 560(1979) — 13,14

Dewberry V State 4,S.W.3d 735,740(Tex.Crim.App.1999) — 13,14

Ross V.State 133 S.W.3d. 618,620(Tex.Crim.App.2004) — 13

Borchardt V.State 367.MD.91.139,140.786.A.2d 631,660(2001) — 14

In Black V.State 358 S.W.3d 823,830(Tex.App.Fort Worth 2012) — 14

In Campbell V.State 320 S.W.3d 338,344 (Tex.Crim.App.2010) — 16

US V. Bass 712.F.Supp.2d.931(D.Neb.2010) — 17

Littrell 439 F.3d at 882 — 17

United States V.Eley 723.F.2d.1522,1526 — 17

In Zillender V.State 557.S.W.2d 515,517 (Tex.Crim.App.1977) — 15

Chambers V.Mississippi 410.U.S.284(1973) — 12

Wiggins V.Smith 539 U.S.522.L.ED.2d.471.123.S,CT.2527(2003). — 14

Mooney V.State 817.S.W.2d.693,697(Tex.Crim.App.1991). — 15

V.

## CONSTITUTIONS

* Sixth and Fourteenth Amendments   U.S. Const. Art. 1 Sec.10 Tx. Constitution:

## STATUTES

* TEX.R.App.P.2 (b)
* TEX.Rule.Evidence 702.
* Tex.Rule.Evidence 104(a)and (c)
* Tex.Rule.Evidence  401
* Tex.Rule.App.P.  33.1(a)
* Tex.Rule.Evidence  (a)(2) and 103 (c)

Number_____.


IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS


MICHAEL RAY KENNEDY (Appellant)


Vs.


The State Of TEXAS ( Appelle)


Appellants Petition for Discretionary Review

Appeal in Cause Number 67.789-E
In The 108th District Court of
Potter County, TEXAS



To The Honorable Judges of the Court of Criminal Appeals;

Comes Now Michael Ray Kennedy. Appellant in the Above Styled
and Numbered Cause and Files this Petition for Discretionary Review
of the Decissions of the Court of Appeals.
Seventh District Which Affirmed his Convicton also Over-Ruling Motion
for Rehearing and Court of Appeals and Seventh District of Appeals
Denied Motion for Forensic Testing. Compelling to Cause, To Exercise
Discreation.

## STATEMENT OF THE CASE

On October 30,2013 the Appellant was Indicted for the Second Degree Felony Offence of Aggravated Assault with a Deadly Weapon,With (2) Two Enhancements. A Trial on All Issues was Conducted before a Jury on Sept 2 Through 9/3/2014.

Upon Appellants Plea of Not Guilty, The Jury Found the Appellant Guilty and then Retired to Delibrate and Returned a Verdict of 29 Years Impri--sonment, with finding of True as to Each Enhancement Paragraph.

On September /29/2014. Appellant Filed A Motion for New Trial The Amend--ed Motion was filed on October/8/2014.

## PROCEDURAL HISTORY

Appellants Direct Appeal was to the Seventh District of Amarillo Texas Court of Appeals. On July/16/2015. Affirmed Conviction.

A Motion for Rehearing was Filed Pro-Se on 8/4/2015 **OVERRULED,** by Seven--th Court of Appeals Amarillo on 8/26/2015.

A Couple of Motions for Forensic Testing was filed.

One to the Seventh Court of Appeals and to the Court of Appeals. One was Denied to Provide Appointment of Counsel, The other was Denied Appearing Loss of Plenary Power.

## Questions for Review

(1.  Was the Court of Appeals Correct Overruling Motion for Rehearing When there was Constitutional Error Restraints or Interest of Justice Require Appellate Court to hear New Issues [Over Due Process] Violations.

(2.  Was Trial Attorney Ineffective for Not Filing Motin to Qualify Expert and to Conduct GateKeeper Hearing and failing to file Motion for Expert for Forensic Tests,Failing to file Motion to Suppress Evidence,Failure to Investigate.

(3.  Was Appeal Attorney Ineffective for Raising Only One Ground in Brief, Failing to Allge Harm in Brief that Officer was Not Even Qualified to Testify as an Expert. Was Attorney for Appeal In--effective for Not Raising Sufficant Evidence Claim as well as

Whether Circumstantional Evidence was Legally Sufficent to Establish Guilt and Failed to Investigate A Text Message Not Registered to Appellant.

(4. Was The Seventh Court of Appeals Correct in Denying both Due Process and Equal Protection of Law to Impeach of Two Witness--es with Evidence of Prior Crime of Moral Turpitude as Permit--ted by Rule 609(a) Tx.R.of Evidence Attempting to Preserve Error in Amaned Motion for New trial.

(5. Was Court of Criminal Appeals in Error Denying Motion to Appoint Counsel. Was the Court of Appeals Seventh District Amarillo Texas. In Error Dismissing Motion for Forensic Analy--sis and Testing and Motion for Appointment of Counsel.

## QUESTIONS FOR REVIEW: Number One

Was The Court of Appeals Correct Overruling Motion for Rehearing, When there was Constitutional Error Restraints or Interests of Justice Require Appellate Court to Hear New Issues. Attorney Failed to Pre--Serve [DUE PROCESS] Violations.

## REASON FOR REVIEW

Motion for Rehearing is a Helpful Tool for Focussing on an adverse Determenation. **Farrell V.State 864 S.W.2d. 501(Tex.Crim.App.1993).** Appeal Attorney was Ineffective,SEE **Smith V.Robbins 528 U.S. 259(2000)** and Trial Attorney also. Citing **Evitts V.Lucey 469 U.S. 387.105.S.CT 830.83 L.ED 2d 821 (1985).** Being Constructively Denied Assistance of Counsel on Appeal Because his Attorney Fiáled a Brief which did Not Assert any Arguable Error Therefore Prejiduce Should be Viewed. It is clear Appeal Attorney did Not Investigate the Record. SEE **Wiggins V.Smith 539 U.S. 510(2003).** A Skilled Attorney Should No; "IF ERROR IS NOT PRESERVED". Then a Motion for New Trial didh nothing, Objections in this Case, Not Objecting During Trial About Three Bad Checks[ Convictions ] Case Law Shows Misdemeanor Convictions, Were Not Crimes Involving Moral Turpitude. Even Alleging Counsel was Ineffective for Failure to Object to Preserve Error of Three Bad Checks. It would have to be Shown that the Trial Judge would have Committed Error in Overruling Such an Objection.

page 3

See, <u>ExParte White 160.S.W.3d 46,53(Tex.Crim.App.2004). citing Vaughn V.State 931 S.W.2d 564,566(Tex.Crim.App.1996).</u> In This Case Even If Trial Counsel would of Objected the ground Raised would Fail Because Appeal Attorney Read the Cases he Applied Wrong.

Appeal Attorney Blundered in the Appeal Slapping Together a Brief without Proper Authority,Violates <u>Russean V.State 171 S.W.3d 871,881 (Tex.Crim.App.2005).</u> Due Process Requires that Defendant have Effec--tive Assistance of Counsel on his First Appeal. <u>Powell V.Alabama 287 U.S. 45,53.S.CT. 55,77 L.ED 158 (1932).</u>

<u>Exhibit</u> ``A``, David Martinez wrote He would file Motion for Rehearing [HE DID NOT]. Appellant was Forced to file Motion Pro-Se.

The One Sole Issue at Appeal was Without Merit. Counsel Does Not have to Raise all Grounds, However"THERE ARE SOLID GROUNDS" That was in Error, Counsel should of Raised; If Someone would View the Record, States Brief 07-14-00353-CR Claims a 38. Alice Monnett Said she seen a 380.

There was No Test Preformed on the Bullet Retrieved. The state Claims it was a 38.Cal. the Witness claims it was a 380.Cal. The Officer Admitts He is No Expert on Ballistics. Prior Inconsistent Statements was made in Offical Report.

This is Rather Scary "To the Fact" Not Even the Witness is Skilled to Testify of weapons, She did not say Pistol,She said 380.Another witness said the weapon was fired in the Air. how and when did the Car Seat Get Shot ?

Other Troubling Facts, The Main Witness has (4) Four Prohibited Weapon Charges, That Counsel Never Attacked.

<u>Ripples beleave it or Not;</u>  **Who Shot the Car?** The Defendant Never Admitted to No Fire arm and There was NO **100% PROOF** the Bullet was fired During this Crime **ID** Argument.

Why did the Police Not do a [GRS] Test on Defendant?

Why didn't Appeal Attorney, Argue Harm. Wheeler was not Qualified to Testify as an Expert. Appeal Attorney failed to Allege Harm in his Brief. (29) Years is Hard to Muster.`(Tx.Rules.App.P.44.2(b)."

Because of this Even in this PDR "The Grounds Raised" Appeal Attorney has made it Truly Difficult to File. For the Failure of Appellant Being Afforded **DUE PROCESS** and **DUE COURSE OF LAW.** This Court Should Grant Review of the Holding of the Court of Appeals,Overruling Motion for Rehearing.

## QUESTION FOR REVIEW: NUMBER TWO

Was Trial Attorney Ineffective for Not filing Motion to Qualify Expert and to Conduct GateKeeper Hearing and Failing to File Motion for Expert for Ballistics Testing. Failing to File Motion to Suppress Evidence, Failed to Investigate the Case.

## REASON FOR REVIEW: Number Two

"IN LAW, THE RIGHT ANSWER USUALLY DEPENDS ON PUTTING THE RIGHT QUESTION. Estate of Rogers V.Comm'r 320 U.S.410,413(1943) Frankurter Jr.)

Appellant would Show Unto this Court that a Number of Witnesses Have been Identified by the State and Anticipates that at a Least, Two Witnesses was Rendering Opionions as Experts.
Compelling to Cause the Court of appeal to Exercise Discreation Tx.R.App.2(b) Where Constitutional Restraints or Interest of Justice Require Appellate Court to hear New Issues[DUE PROCESS]. SEE:
In Rochelle V.State 791 S.W.2d 121 (Tex.Crim.App.1990). If a Party Raises a New Ground for the First Time...The Decission of Whether to consider That New Matter is Left to the Sound Discreation of the Appellate Court. ID at 124.
All That is Needed to Prevail on a Claim, Trial Counsel was Ineffective for Failure to file Pre-Trial Motions. Appellant has to Allege Specific Facts Showing why the Motions were Needed. A Good Case Out of your District to Support this is; See. ExParte McPherson 32. S.W.3d 860, 861(Tex.Crim.App.2000).
If Trial Attorney would of filed, Motion to Qualify Expert and to Conduct Gatekeeper Hearing, Would Officer MICHAEL WHEELER Still been Allowed to Testify to NON-SUPPORTIVE FACTS of the Size of Bullet that was Siezed or actule time the Shot was Fired.
Normally Police Who work a Case where a Bullet is Found is to Arrest the Suspect, Then do a [GRS] NONE WAS CONDUCTED.

The Right to the Assistance of Counsel is Granted by the Sixth and the Fourteenth Amendments to the United States Constitution and Artical (1) Section (10) of the TEXAS Constitution. This Right to The Assitance of Counsel has long been Understood, To Include A

"RIGHT" to the Effective Assistance of Counsel. See. **McMann V.Richadson 397 U.S. 759.771.n.14.90 S.CT.1441,1449. 25 L.ED 2d 763(1970).** The Integrity of our Criminal Justice System and the Fairness of the Adversary Criminal Process is Assured Only if an Accused is Repre-sented by an Effective Attorney See, **United States V.Morrison 449 U.S. 361,364.101.S.CT.665,667.66 L.ED.2d 564 (1981).** Absent the Eff-etive Assistance of Counsel,"A Serious Risk of Injustice Infects Trial itself. **Cuyler V.Sullivan 446 U.S.335,343.100.S.CT.1708,1715 64 L.Ed.2d 333(1980).** Thus a Defendant is Constitutionally Entitled to have Effective Counsel Acting in the Role of an Advocate. See. **Anders V.California 386 U.S.738,743.97 S.CT. 1396,1399.18.L.ED 2d 493(1967).**

The Legal Standard the United States Supreme Court in **Strickland V. Waskington 466 U.S.668.104.S.CT. 2052.80.L.Ed 2d 674(1984).** Established the Federal Standard for Determining Whether an Attorney Rendered Reasonable Effective Assistance of Counsel.

The TEXAS Court of Criminal Appeals in **Hernandez V.State 726 S.W. 2d 53,57(tex.Crim.App.1986).** Adopted The Strickland Test as the Proper Test Under State Law to Gauge the Effectiveness of Counsel."Meaningful Adversaril Testing" Illustration **Powell V. Alabama 287. U.S.45,53 S.CT. 55.77.L.ED. 158(1932).** Specific Errors of Counsel Under Mined the Reliability of The finding of Guilt. **United States V.Cronic at 659.n.26.104 S.CT. at 2047.n.26.** The Attorney Failed to Challenge the Prosecuters Case.

Tex.Rule E.702 Provides that If Scientific Technical or other Spec-ialized Knowledge will assist the Trier of Fact to Understand the Evidence or to Determine a Fact in Issue. A Witness Qualified as an Expert by Knowledge,Skills,Experience,Training or Education, May Testify There to in The Form of an Opinion or other Wise. Tex.R.Evid. 702.

It is Clear by Officer Wheelers Own Ommission See RR.V.2 PG 171. LN 1-2.

Q. You're Not a Expert in Ballistics are You ?

A. NO SIR.

The Officer was Questioned During Trial, RR V.2 PG 158 LN 4-5-6

Q. Officer, did you send that slug to any kind of lab for Analysis?

A. NO I DIDN'T.

Alleging Counsel was Ineffective for failure to Object. Appellant Must Show, That the Trial Judge would have Committed Error in

Overruling Such Objection. **ExParte White 160 S.W.3d 46,53(tex.Crim. App.1996).**

If Counsel would of Objected to the fact, The Officer is Not Expert in Ballistics and Objected to the Fact the Officer did not send the slug to Any kind of Lab. If Objections were made Properly,A Trial Judge would have Committed Error in Overruling Such Objections.

This Testimony is Very Important Because the Alleged Victim (Witness) Alice Monnet Said ; **She seen a 380.**

The Officers Testimony **RR V.2 PG 156 LN 6-10 The Court Questions Officer Wheeler:**

A.  **NOT able to give a Definitive Caliber, No But it is a Small Caliber Handgun or Small Caliber Round.**

Q.  Okay, Would that be Consistent with a Round from a 380 ?

A.  **YES,IT WOULD.**

Trial Counsel Failed to Object to Prosecuter Leading the Witness into the Size of the Bullet, Based on Alice Monnett Saying; She seen a 380. Prosecuter Pulled Officer Wheeler into Co-Signing a **380.** After Clearly Stating **38.** In Reports.

The Threshold Determination or a Trial Court to Make Regaurding the Odmission of Expert Testimony is Wheather that Testimony will Help the Trier of Fact Understand the Evidence or Determine a Fact in Issue. See.**Kelly V.State 824 S.W.2d 568(tex.Crim.App.1992).**

Before Scientific Evidence May be Admitted under Rule 702 The Proponent Must Persuade the Trial Court by Clear and Convincing Evidence, That the Evidence is Reliable and Therefore Relevant.**ID at 573.**

Scientific Evidence that is Not Based on the Methods and Proce--dures of Science is No More Than a SubJective Belief or Unsupported Speculation. **Robinson 923 S.W.2d at 557.**

Trial Counsel or Appeal Attorney Failed to Challenge Expert Testimony that was Admitted by the Trial Court. A Party May Later Complain on Appeal that the Expert Testimony is LEGALLY INSUFFICENT to Support the Judgement Because it is Unreliable. See **Maritime Overseas Corp 971 S.W. 2d at 409. Austin V.Kerr McGee Refining Corp 25. S.W. 3d 280,285(Tex.App.Texarkana 2000).** Unreliable Expert Testimony is Not Evidence.

The state Lead the Officer to say in **RR V.2 PG 156**

Q.  Okay,would that be Consistent with a Round from a 380.

[ The Jury Just Heard Testimony from Alice Monnet, She Seen a 380. ]

In the States Brief Appellate Number 07-14-00353-CR PG.8 States; The Front Passenger window was Shattered with Glass inside and a Spent 38. Bullet was Found in the Driver Headrest. **RR 2 #51-56 170-71 States** ;[Exhibit 6-18] Due to the Bullet Found in the Seat Wheeler Believed a Gun Was Involved **RRV2-163.** The State Lead Officer Wheeler to Ride along with Alice Monnetts Story of of a 380 and the State made it's Own Asumption it was a 38.

Inconsistent Statements by Wittness and Prosecuter. See **Crutcher V. State 481 S.W.2d. 113(Tex.Crim.App.1972).** Even a Witness,A Few Weeks before Trial Vasquez Added to Her Statement that after Appellant Drove off,He Circled Back and Shot the Gun in the Air. **RRV2 123,130** With This,Where still at the Point was the Bullet a 380.Cal or a 38. Cal and When was the Victims Car shot ?
The State or the Officer did not Prove what the **Slug Size Was.** IN, **Tovar V.State 221 S.W. 3d 185,190-91(Tex.App.Houston 1st Dist 2006 No Pet).** A Party who Opens A Door to an Issue Cannot Complain when the Opposing Party Desires to go into the Details of that Subject. The Testimony to be Considered Reliable Evidence based on A Scien--tific Theory Must be Valid. (2). The Technique Applying the Theory Must be Valid (3) The Technique must have been Properly Applied on the Occasion in Question. **Hartman V.State 946 S.W.2d.60(tex.Crim. App.1997).** Citing **Kelly 824 S.W. 2d at 573.** See Also, **Daubert V. Merrell Dow pharmaceuticals,Inc. 509 U.S. 579,594.113 S.CT. 2786. 125 L.ED.2d 469 (1993).**
Under TEXAS Rules of Evidence 104 (a)&(c) and Rule 702. All Three Criteria Must be Proven, to the Trial Court Outside the Presence of the Jury, Before The Evidence May be Admitted. **Kelly 824 S.W.2d at 573** also See, **Daubert V.Merrell Dow Pharmaceuticals,Inc 509. U.S. 579(1993)** and **Kumbo Tire Co V. Carmichael 526 U.S. 137(1999).**
Attorney is Ineffective for Not Filing Motion to qualify Testimony as Expert, and Gatekeeper Hearing as of There Qualifications and Experience.
There is Reasonable Probility Sufficient to Undermine Confidence in the Outcome of the Proceedings that, But for Counsels Deficiency,The Result of the Proceeding would have been Different. **Strickland V. Washington 466 U.S.at 687.**

Trial Attorney is Ineffective for Not Filing Motion for Independent Examination of the Bullet Found in the Alleged Victims Car, PreTrial Motion. **ExParte McPherson 32 S.W. 3d 860,861 (Tex.Crim.App.2000).**

As Provided by **Mcbride V.State 838 S.W.2d 248.** The Trial Court would have Allowed Discovery of Evidence that is Material to the Defence of the Accused and a Defendant "Has a Right to Inspect The Evidence Indispensable to the States Case Because that Evidence is Necessarily material to the Defence of the Accused, **McBride at 251.** Trial Counsel Failed to Request Independent Examination by An Expert, Under TEXAS RULES of EVIDENCE 401. The Bullet is Relevant.Testimony was used Based on a Convicted Felons word of 380. Duty to Retain Service of Forensic Expert [IS A RIGHT].

Compare **Sims V.Livesay 970 F.2d 1575 (Ca.1992).** Forensic Expert to Examine a Quilt It's Bullet Holes and it's Powder Burns and the Fatal Bullet for Traces of Fabric from the Quilt.

In the Case at Hand a Forensic Expert Could Test How Long the Slug was in the Headrest, What size Gun it was and Rather it was Close Range firing. There is testimony of shattered Glass as well and Material would be on the Slug from the Car and Glass.

How come the Defendants Cloaths were Not Tested for Nitrate or GRS Test Conducted ?

Appellants Counsel was Ineffective in failing to Conduct a Reasonable Pre-Trial Investigation. See **Wiggins V.Smith 539 U.S. 510(2003).** Alice Monnet on the Record has (4) Prohibited Weapon Charges, Counsel Failed to Investigate the Weapons Siezed off This Wittness,She was going thru a Split Up with her Husband. Appellant is **Innocent** of Shooting the Car. Adequate Testing would have Provided Facts,Further Investigation would have[**Led to a Fact** ] That the Bullet in the Car Came from one of the Weapons in the Police Property Room, Belonging to the Alleged Victim. Attorney Failed to Investigate any Reports or Insurance  Checks to see If the Car was Damaged before this day of the Incident. In **RR V.3 PG 34 LN 1-2.** [OMMISION BY THE Attorney]

**I Did Not Investigate from the Beginning.. Anything Thru out the Entire Case.**

**Attorney Failed** to file Suppression Motions of Evidence Siezed in Violation of Due Process Rights if Counsel would Have Suppressed Evedence Until Test's Were Conducted as to Suppress Evidence for

Chain of Custody Violations, Proceedings would have been Different. The Testimony had a Substantial Injurious Effect on The Jury's Verdict. Appellants Right under U.S.Constitution,Amendment,IIV and TEXAS, const.Art I.§ 19 for Failure of Appellant being Afforded [DUE PROCESS] and [DUE COURSE OF LAW] This Court Should Grant Review of NEW ISSUES RAISED.

## QUESTION FOR REVIEW :Number Three

REASON FOR REVIEW.

See **Evitts V. Lucey 469 U.S. 387.105.S.CT.830.83 L.ED.2d 821 (1985)** [DUE PROCESS] Requires that the Defendant have Effective Assistance of Counsel on His First Appeal.

A First Appeal as of Right, Is Not Adjudicated in accord with Due Process of Law, If the Appellant does Not have the Effective Assis--tance of An Attorney,This Result is Hardly Novel.

In Short, the Promise of Dougles [PG.837] That a Criminal Defendant has a Right to Counsel on Appeal, Like the Promise of Gideon that A Criminal Defendant has a Right to Counsel at Trial. Would be a Futile Gesture Unless it Comprehended The right to the Effective Assistance of Counsel.

**Attorney Filed a No Merit Brief,** Constitutes Denial of Counsel, See **Lofton V.Whitley 905.F.2d.885.n.PG.887.** An Accused is Constitutionally Entitled to Effective Assistance of Counsel on Appeal Because His Attorney filed a Brief Which did Not Assert Any Arguable Error and Therefore Prejudice Should be Presumed.

The Burden of Proving Ineffective Assistance of Counsel Rests on the Convicted Defendant by a Preponderance of the Evidence. **Haynes V.state 790 S.W. 2d 824,827 (Tex.Crim.App.1990).** also See **United states V. Cronic Supra at 658.104.S.CT.at 2046(Constitutional Violation).**

Appeal Attorney Raised One Ground, Claiming Deprivation of Due Process, When it Denied the Defense Petition to Allow the Impeachment of Two Witnesses.

Appeal Attorney did Investigate the Record. Appellant Failed to Pre--serve Error with Respect to the Four Judgements Mentioned in his Amended Motion for New Trial Besides No Objection During Trial About the Three (3) Bad Checks. It Is Clear, Trial Attorney Chose a Differ--ent Route Instead The Defense Questioned The Victim About" **NEWLY**

Discovered" Misdemeanor Convictions for "Possession of Prohibited Weapon and substance.

However the Misdemenor Theft was Agreed to be Admissible but Appellant Failed to Cross Examine or Admitt at Trial.

Raising Ineffective Assistance Rule 33.1 (a) of the TEXAS.Rules of Appellate Procedure Requires that a Complaint be Presented to The Trial Court" by a Timly Request, Objection or Motion" as a Prere--quisite to raising the Complaint on Direct Appeal.

This is Not to Say that an Ineffective Assistance Claim May Not be Raised in the Trial Court or on Direct appeal, It Can. For Example Such a Claim may be Raised in a Motion for New Trial. **Reyes V.State 849 S.W.2d 812,815 (Tex.Crim.App.1993).**

Appeal Attorney should of Raised in Motion for New Trial Ineffective of trial Counsel for a Number of Error's, To Preserve Review Failing to View the record. Allowed A brief to be Prepaired that Simply Put; **HAD NO MERIT,** Not Properly Presented.


[Error's That should of been Raised in First Appeal are];


(1.  Harm, Appellant Failed to Allege Harm in his Brief, Tx.Rules.App. P.44.2 (b) The Error had a Substantial Injurious Effect on Jurys Verdict. See **Morales V.State 32 S.W.3d 862,867(Tex.Crim.App.2000).** A Skilled Attorney will Comb the Record and He did Not. It is Obvious There was a Conflict of a Bullet 380. or 38. Is a pretty serious Error and A Witness who states; A Gun was Fired in the Air.

Compair States Brief PG 28 The Admission of Incriminating Evidence; **The 38. Bullet.**

Also Compare; **RR V.3 PG 158 LN 4-5-6 [Testimony of Officer Wheeler]**

Q.  Officer, Did you Send that Slug to any kind of Lab for Analysis ?

A.  **No Sir.**

A Witness ALICE MONNETT Said; She seen a 380.

The Court Questions, Officer Wheeler, See **RR V.2 PG 156 LN 6-10**

A.  **Not able to give a Definite Caliber. No But it is Small Caliber Handgun...or Small Caliber Round.**

Question where the State Leads the Witness:

Q.  Okay, Would that be Consistent with a Round [**From a 380.**] ?

A.  **Yes It Would.**

**Please Compair.**

Officer Testifies That it is Consistent to a 380. Because the state Just Co-Signed the Witnesses Testimony. Alice Monnett Said She Seen a 380.

In The states Argument Brief Appellate Number 07-14-00353-CR PG.8 The First Passenger window was Shattered with Glass inside and a **SPENT 38. Bullet was found in the Driver Headrest. RR.V.2 151-56 170-71.**

Page.28 The Admission of Incriminating Testimony; **The 38.Bullet.** This Raises a Conflict.

The Purpose of Petition for Discretionary Review, Is to Present Cogent Concise Reasons why this Court should Exercise Discretionary Jurisdiction Rule 302 (c) In **Rochelle V.State 791 S.W.2d.121 (Tex. Crim.App.1990).** If a Party Raises A New Ground for the First Time The Decission of Whether to Consider That New Matter is Left to the Sound Discretion of The Appellate Court. ID at 124.

Appellent Attorney Failed to Investigate the Case or Secure a Motion Pursuant to Chapter 38 Requesting Forensic Analysis and Testing Under Tre 401 Relevant Evidence.

Scientific Testing Todays time could Show, How Long this Slug was in the Headrest and what Type of Gun it was Fired from.

(2. Appeal Attorney Failed to Offer Further Proof of Photo's. The trial Attorney, Legitimately Tried to Present the Facts that would Prove Testimony Provided is UnTruthfull Being able to see from a Certain Location. The Judge would Not allow Photos to Come into Evidence was Appeal Attorneys Ineffective for Failing to Raise A Claim Based on Denial of the Right to Present a Defence. See **Chambers V. Miss--issippi 410 U.S. 284(1973).** A Competent Appellate Lawyer will Re--serch and Present the Facts.

At Punishment **RR V.3 PG 15.** The State Objected to any further Attempts to Introduce Photos, Purporting to Any Further Attempts to Introduce Photo's to be Mrs.Vasquez Home. If Appeal Attorney would of Hired a Investigator, It would of Proved the Witness Could Not See From the Angle they Testified too.

(3. Appeal Attorney Failed to File as in Vasquez, The Trial Counsel Never Requested a Specific Instruction based on a Valid Defense Raised by the Evidence. **Vasquesz 830 S.W.2d at 951.**

The Court Held, [U]nder the Facts of this case, It would have been ERROR for the Trial Court to Refuse Such an Instruction and One Been Requested, Counsels Performance in Not Seeking the Instruction, Was **Clearly Deficient. ID Point Made.**

Appeal Attorney had Plenty of Grounds to Raise on Appeal Instead of **ONE MERITLESS GROUND. In <u>Stone V.State 17 S.W.3d 348 (Tex.App.Corpus Christi 2001).</u>** The Court of Appeals REVERSED a Conviction Based on Ineffective for Elicting Testimony that was Clearly Inadmissible, **<u>Stone 17.S.W.3d at 351.</u>**

The Bullet Found was Never tested, NO ONE, 100% Knows how long the Bullet was in the Car Headrest. **and it is a Fact,** The Witness Claims; a 380. The State Leads Officer that its a 380. but in the States own Argument, Its a 38.

(4. Appeal Attorney Should of Raised Ground, The Officer was Not Qualified to Testify as Expert on Ballistics and to Raise the Fact Trial Counsel Failed to Object.

(5. Was Appeal Attorney Ineffective for Not Raising The United States Supreme Court who Set the Standard for Legally Sufficiency of the Evidence. In <u>Jackson V.Virgina 443 U.S 307.99.S.CT. 2781.61 L.ED.2d 560 (1979)</u> See Also <u>Dewberry V.State 4.S.W.3d 735,740 (Tex.Crim.App.1999). Ross V. State 133 S.W.3d 618,620(Tex.Crim.App.2004).</u>

The Inquiry on Review of the Legal Sufficiency of the Evidence to Support a Criminal Conviction, Is Whether After Viewing the Evidence in a Light Most Favorable to the Verdict. Any Rational Trier of Fact could have found the Essential Elements of the Crime Beyond a Reason--able Doubt.

Would a Jury Convict when a Witness Alleges a 380. and the State Alleges a 38. ? If the Photos Proving a Witness could NOT SEE From that Distance or Mistaking a Pointing Finger for a Gun ? If the Bullet hade been tested and the Stage of "Corrosion" Damage Caused by Corrosion <u>as listed</u> in the Concise Oxford English Dictionary. IE. CORROSION n. The Process of Corroding or being Corroded.

Would tell The Truth of how long this Bullet was Lodged in the Head Rest of the Car.

Being the state allowed a Witness to Testify to a 380. It appears from Alice Monnett Own Criminal History, She is Claiming she is Knowledge--able of Weapons.

It is safe to say to this Honorable Court, If The FBI or a Expert was to test this Bullet and the Corrosion is so Advanced,The Truth of the case would be, Void. Proving the Appellant did Not Shoot the Cars Headrest.

Appellant from the Begening Claimed Innocence and he did Not Own or Fire No Weapon into this Car's Headrest.

Useing Schlups Threshold Showing Innocence would Justify a Review of the Merits of the Constitutional Claim. Trial and Appeal Attorney have Breached there Contract when they was Retained to Investigate and Prepair a Defence and a Brief with Merit. Both Attorneys are in Straight Violation of the Strickland test and **Wiggins V.Smith 539 U.S. 522. L.ED.2d 471.123. S.CT. 2527(2003).** If Appeal or Trial Attorneys had of done there Dutys, There is a Reasonable Probability that at Least one Juror would have Struck a Different Balance. **C.F Borchardt V.State 367.MD.91.139,140.786 A.2d.631.660(2001).**

The Evidence Used to Convict was Circumstantial Evidence Violating the Supreme Court Standard Under **Jackson V.Virgina 443. U.S.307. 99 S.CT.2781.61 L.ED.2d.560(1979)** Also **Dewberry V.State 4. S.W.3d.735 at 740(Tex.Crim.App.1999).** REASONABLE DOUBT.

The Next Issue is a Textphone Listed in Punishment Verdict;RR **V.3 PG. 32 LN.13-17.** And you Know what the Biggest lie Alice Monnett Told. After she Finally Admitted a Year Later that she was High at the Time ? She Said; I Got this TEXT it says 469-1111 it Does'nt Even Have Michael Kennedys Name on it.

In **RR V.3 PG.40 LN.4-8**

The Next day she gets a Text from Michael Saying; Well your Cars Shot up and your tires are Slashed. Come get this Shit or Send you Old Man to get it. Sounds like a Jilted Lover Tone. Someone who is Upset with her Because Shes Going back to her old Man.

The Alleged Text Message has to be Regestered to Someone. The states Witness Claimed she has Received Calls from the 469-1111 Number Before.

Trial and Appeal Attorney are Ineffective for Not Subpoenaing the phone records. Appeal Attorney failed to file Innefective of Trial Counsel for Trial Counsel Not Objecting to Text Message. IN **Black V.State 358 S.W.3d 823,830(Tex.App.Fort Worth. 2012 pet Ref'd).** The Text in Appellants Case was Admitted without investigation or Objection to the Truth of the Matter.

Counsels Failed to Investigate the Owner of the Phone Records or Text Message. See**Mooney V.State 817. S.W.2d.693,697(Tex.Crim.App. 1991).**
Thus The Harm in Appeal Attorneys Brief, IS Way Out of Line.
The Court of Appeals Failure to Recognize this Constitutional In Firmity Merits Review by this Court.

## QUESTION FOR REVIEW: NUMBER FOUR

Was the Seventh Court of Appeals Correct in Denying Both Due Process and Equal Protection of Law to Impeachment of Two Witnesses with Evidence of Prior Crimes of Moral Turpitude as Permitted by rule 609(a) Tx.R.of Evidence. Attempting to Preserve Error in Amended Motion for New Trial.

## Reason for Review

Did the Court of Appeals for the Seventh District Abuse it's Discretion Based on the Brief Appellant Attorney Filed.
Did the Motion Preserve Error to Impeach the (2) Witnesses. In **Zillender V.State 557. S.W.2d  515,517 (Tex.Crim.App.1977).** The Motion for New Trial, Kind of Preserved Error.
Was Appeal Attorney Inneffective, Applying this Brief. Shoult'nt a Skilled Attorney Know that a Motion for New Trial Does Not Satisfy the Offer of Proof Requirement 103(a)(2) Tx.R.of Evidence 103(c).
Is Appeal Attorney Ineffective for Not Explaining that Because he filed One Ground, That it Makes it Difficult to Raise New Grounds in PDR Unless this Honorable Court Allows. In **Rochelle V.State 791 S.W.2d.121(Tex.Crim./App.1990).** To take Effect, Matter is Left up to the Sound Discreation of the Appellate Court to Rule on Grounds 1 Thru 5.ID at124.
Appellant Request Oral Argument Because of Glenda Pemberton Hired the Attorney who did not Function as an Attorney,"Should of."Requested In, this case is Remanded for Grounds Requested in this PDR.

## QUESTION FOR REVIEW:NUMBER FIVE

Was Court of Criminal Appeals in Error Denying Motion to Apponit-Counsel.

page 15

Was the Court of Appeals Seventh District Amarillo,Tx In Error Dismissing Motion for Forensic Analysis and Testing and Motion For appointment of Counsel.

## Reason for Review

On September/24/2015 Appellant Filed Motin Pursuant to Chapter 38 Requesting Forensic Analysis and Testing Useing Texas Rules of Evidence 401 Relevant Evidence. Code of Criminal Procedure Sec.(a) (4). Forensic Analysis Means Ballistic or other Expert Examination or the Test Preformed on Physical Evidence. The Court of Appeals Simply Denied Motion for Appointment of Counsel Without Viewing the Merits to The Motion. A Showing of a Conflict Exzist, is all that needs to be Shown to Seek Relief.

On September/24/2015. A Motion for Forensic Analysis and Testing and Motion for Appointment of Counsel was Placed in the Legal Mail box on 9/24/2015. Deemed Filed According to [TEXAS Criminal Appeals] In **Campbell V.State 320 S.W.3d. 338,344(Tex.Crim.App.2010).** [T]he Pleadings of Pro-Se Inmates Shall be Deemed Filed at the time they are Delivered to Prison Authorities for Forwarding to the Court Clerk.

The Courts Opinion and Judgement were Issued in July/16/2015. In Trial Cause Number 67.789-E and Case Number 07-14-00353-CR.

The Seventh Court of Appeals Claims It's Plenary Power Over it's Judgement Expired on September/25/2015. The Motion for testing was in the Legal Mail Bow on September/24/2015.See EXHIBIT **D**ℰℰ__. of the Actual Motion States Respectfully Submitted on this 24th Day of September,2015. PG.2

On PG.5 States in Affidavit of Indigency, Excuted on this 24th Day of September,2015.

Claiming If the Motions was Timly Placed in the Prisons Mail System They are Denied. Then going Further to State: If your Motion were placed in the Prison Mail System After the Courts Plenary Power Expired, They are Dismissed for want of Jurisdiction. Tx.R.App.19.1 (b). Does Not Apply, View EXHIBIT __DℰℕV #a__.September/24/2015. Timely Filed According to **Campbell 320.S.W.3d. 338,344.**

The Court of Appeals and Seventh court of Appeals Errored in Denying the Motion, Pursuant to Chapter 38 and Denying Counsel.

(1. Alice Monnett Claims she Seen a 380. **RR.V.3 PG.42 LN. 22-23** Alice Said that she Knew The Defendant to own a 380. Pistol,That she saw it the Night Before.

(2. The state Claims Victim had seen appellants 38. the Night of the Assault. PG.9 in States Brief.

(3. In the officers Testimony RR.V.2 PG.156 LN 6-10
The Court Questions Officer Wheeler.

**A.** Not Able to Give A Definite Caliber, No but it is a Small Caliber Handgun, or Small Caliber Round.

**Q.** Okay,Would that be Consistant with a Round from a 380. ?

**A. YES IT WOULD.**

**PAGE 8. [The State Again Found a Spent 38. Bullet That was found in the Headrest].**

The State Never Proved It's Case. Attorney Failed to Object to the Outrageous Government Conduct. Prosecuter Vouching for Witness. Testimony she seen a 380. See **U.S. V.Bass 712.F.Supp.2d.931(D.Neb. 2010).** In this Case Counsel for the Government, Put her Credibility at Issue by Vouching for the Government witness. She First Stated; That the Witness Testified Before this Trial and they Know what the Truth is. **COUNSEL HAD NO OBJECTION.** The Prosecuter Wrongfully put her Personal Reputation Behind the Testimony of it's witness. **Littrell 439. F.3d. at 882.** SEE Also **United States V.Eley 723.F.2d.1522,1526.** The Prosecuter Road with Alice Monnetts Statement of a 380. then pulled Officer Wheeler into Leading the Jury to Believe the Bullet Found was a 380. **Where the Officer Just testified [Not Able to Give a definite Caliber.]** Beings Alice Monnett Said She Seen a 380. during Exzamination of Officer Wheeler. Had the Prosecuter Asked; Okay,Would that be Consistent with a round from a **38. Not a 380.** The Jury would of Found Appellant **NOT GUILTY.** Instead Based on a bad Trial Attorney, He Allowed the Government to Get away with Error's so serious they Caused Harm to Defendant.

the Officer Admitts he did No Kind of Test and that he is No Expert in Ballistics.

If the Court Finds that the Motion Pursuant to Chapter 38 Requesting Forensic Analysis and Testing Should be Preformed. The Complete Motion is Attached for View. **McBride V.State 838 S.W.2d.248 at 251.**

Once there is a Miscarrage of Justice and Testimony that is So Obvi-
-ously Different. The Fact Remains In Todays Time, A Expert Could
Tell us All, How long the Bullet was in that Headrest to set a
INNOCENT MAN FREE, Who fired No Weapon.
Trial and Appeal Counsel, Did Not Even Check, No Insurance Companys
of report of Damage to this cars Past. NO INVESTIGATION.

**Wherefore All Considered** Appellant Prays Michael Ray Kennedy,Prays
That This Honorable Court GRANT his Petition for Discretionary Review.


Respectfully Submitted,


_Michael Ray Kennedy Pro-se._
Michael Ray Kennedy  Pro-Se
Stevenson Unit
1525 FM 766
Cuero,Texas 77954


## CERTIFICATE OF SERVICE

I Hereby Certify a True Copy of petition for Disretionary
Review has Been Certified, Mailed to Clerk Abel Costa,
Court of Criminal Appeals of TEXAS. P.O.Box 12308 Capitol
Station, Austin,Texas 78711.

On This The ___5th___ Day of November,2015.

_Michael Ray Kennedy._

APPENDEX (1)

LETTER FROM DAVID MARTINEZ      EX.(A)

AFFIDAVIT OF GLENDA PEMBERTON  EX.(B)

REPORTER RECORDS V.2-3,        EX.(C)

MOTION FOR FORENSIC TESTING,   EX.(D)

MOTION FOR APPOINTMENT OF,     EX.(E)
COUNSEL.

MOTION FOR REHEARING PRO-SE    EX.(F)

PAGES OF STATES BRIEF,         EX.(G)


APPENDEX(2)

MEMORANDIUM AND OPINION,

COURT OF APPEALS OVERRULEING,

MOTION FOR REHEARING, AND

MOTION FOR RETESTING, SEVENTH

DISTRICT.

EXHIBIT "A".

# M

THE LAW OFFICES OF DAVID MARTINEZ
1663 Broadway, Lubbock, Texas 79401
Phone (806) 744-1692 / Fax (806) 744-6660

# Memo

Michael Kennedy #1968578        7.22-15

Stevenson Unit - 1525 FM 766

Cuero, Texas 77954

                RE. Your Appeal

We got notice of the Courts opinion.
Court-appointed lawyer will probably
not file a Petition for Discretionary
Review, which will be due August
17, since the 15th falls on a Saturday
I will keep my promise and send you
all the information requested in case
# 67,789-E

We will also prepare a Motion for Re-hearing
and send it to you Next week,
A copy of opinion is enclosed.

APPENDEX

EX.(C)

REPORTER RECORDS VOLUME TWO

PAGES:123-

130

156

158

163

170

171

call.

Q. Okay. But also in the 911 call you also confused another black truck that was headed in your direction as well. Is that true?

A. Yes.

Q. And then when somebody talked to you -- somebody from the DA's office talked to you a couple of weeks ago. Is that correct?

A. Yes.

Q. And then you added to your statement and said that the black truck had circled and actually shot the gun in the air.

A. Yes.

Q. So where was the truck that you saw that actually shot the gun in the air; where was it?

A. It was parked at that house; that blue house. I don't know the address.

Q. Well, Ms. Vasquez, you do not live on the corner of 13th Street. You live at 4302 Southeast 13th Street.

A. Yes.

Q. And your driveway -- you cannot see from your driveway to 1205 Bolton, can you?

A. You can see to Bolton Street; yes, sir, you can.

RR. V. 2

A.   I didn't see it up-close, up-front.

Q.   And where did this person supposedly shoot the pistol?

A.   After he drove off.

Q.   In what direction?

A.   To my left -- or -- I guess to the south -- or going towards the -- I-40.

Q.   Going towards I-40?

A.   Yes.

Q.   And that would be going south?

A.   South.

Q.   Ma'am, is there a school down 13th Street?

A.   Humphrey Highland is down at the other end of 13th, yes.

Q.   About two blocks away?

A.   Yes.

Q.   There was a lot of traffic; people going to pick up their children?

A.   I don't remember.

Q.   You don't remember that?

MR. MARTINEZ:  I pass the witness.

MR. HORN:  Brief redirect, Your Honor?

THE COURT:  Yes.

REDIRECT EXAMINATION

BY MR. HORN:

Q. Okay. Are bullets of different calibers generally recognizable?

A. Yes.

Q. Okay. And from your training and experience, are you able to say what size bullet that is?

A. Not able to give a definitive caliber, no, but it is a small caliber handgun -- or small caliber round.

Q. Okay. Would that be consistent with a round from a .380?

A. Yes, it would.

Q. All right. Did you take a statement from the victim, Ms. Monnet?

A. Yes, I did.

Q. And while you were doing this, did Officer Landrum interview the other 911 caller?

A. I believe he did, yes, sir.

Q. And did that conclude your involvement with the case?

A. Once I was done with the witness and Landrum was done with the other lady, I believe, yes, sir, that was finished.

Q. Actually, I forgot to ask you. Did the Defendant's mother come to the scene of the offense while you were conducting an investigation?

A. She -- she showed up to try to get some -- some

MR. HORN: We'll pass the witness.

CROSS-EXAMINATION

BY MR. MARTINEZ:

Q. Officer, did you send that slug to any kind of lab for analysis?

A. No, I didn't.

Q. So what's the significance of the slug in the seat; when did that happen?

A. It's -- Ms. Monnet told me that it -- her window was damaged from the subject. And based on the text message that she had received, I figured -- I determined it to be a part of the investigation, a part of the case.

Q. Well, did you check out the phone number?

A. No, sir, I didn't.

Q. Did you get a warrant to find out whose phone number that was?

A. No, I didn't.

Q. Did you know about Ms. Monnet's prior criminal history?

A. No.

Q. Did you know about her criminal history afterwards?

A. No.

MR. MARTINEZ: Would you put State's

looking for a gun?

A.    I was looking for Mr. Kennedy.

Q.    I beg your pardon?

A.    I was looking for Mr. Kennedy.

Q.    Well, you were looking for a gun, too, weren't you?

A.    No, I was looking for the subject.

Q.    Well, you didn't believe there had been a gun involved either, did you?

A.    I'm sorry?

Q.    You didn't believe there had been a gun involved either, did you?

A.    I believed that there had been a gun involved due to the round that I found in the seat.

Q.    And the -- did you ever ask the mother for details, whether she had seen Michael and Ms. Monnet together that day?

A.    No, I did not.

Q.    Why not?

A.    My main priority was trying to find Mr. Kennedy.  He was not at the house.  We went back to the original location to continue our investigation with the victim.

Q.    Do you remember anything about that pickup having tinted windows?

A.   No; it's nowhere to start.   We had no information to go on, on her.

Q.   So Ms. Monnet didn't know who it was. Correct?

A.   Right; yes, sir.

Q.   And the Defendant's mom didn't volunteer who it supposedly was?

A.   Correct.

Q.   Okay.   Now, you told Defense that you have no idea when the damage to the vehicle happened.   Does that mean it's equally likely it could have happened the night before?

A.   It could have happened any time, yes, sir.   I wasn't there.

Q.   Okay.   And -- now, you said that a .380 is a small caliber pistol.   Right?

A.   Yes.

Q.   Okay.   Just to clear up -- are you saying that from a distance, like, not standing next to it, but assuming that it's down the street, could a .380 shot never sound like a loud door slamming?

A.   From a good distance away, it could sound similar to a door.

Q.   Okay.   And looking at this picture again, just to -- now, Defense asked you if you would expect there

to be glass outside. And, of course, you're not an expert in ballistics, are you?

A. No, sir.

Q. Okay. But just from your training and experience in investigation, is the glass being inside the vehicle consistent with someone shooting through that window into the car?

A. The glass inside the vehicle is a good indication that the damage was done from the outside of the car, inward.

Q. Okay. And just from your assessment of this scene, is it your conclusion that the bullet came from this window and not the front of the car?

A. Yes, it came -- my belief, it came from the passenger's side front window.

Q. Okay.

MR. HORN: We'll pass the witness.

THE COURT: All right. Anything further, Counsel?

You may -- oh.

MR. MARTINEZ: Excuse me.


RECROSS-EXAMINATION

BY MR. MARTINEZ:

Q. You didn't -- you didn't -- I mean, as far as

APPPENDEX

REPORTER RECORDS VOLUME THREE.          EX.(C)

PAGES:15,

32

34

40

42

Your Honor?

THE COURT: You may.

VOIR DIRE EXAMINATION

BY MR. HORN:

Q. Once again, Ms. Pemberton, you just testified that you don't know what (sic) Sally Vasquez' house is or looks like, except on what you've been told. Correct?

A. No. I have driven by that house; I know what that house looks like.

Q. Do you know where she lives if you don't know her by any means other than what you've been told?

A. No.

MR. HORN: Once again, we object on lack of personal knowledge, Your Honor. We would also object to any further attempts to introduce photos purporting to be Ms. Vasquez' house when she's testified already that she has no personal knowledge of where Ms. Vasquez lives.

MR. MARTINEZ: That's not what she testified to, Your Honor.

THE COURT: I think that's what she has said, that she didn't know -- other than what -- what she's been told about where this woman lives, so I'll sustain the objection.

('PHOTOS')

and gives you another reasonable doubt because she says I didn't see the white girl; I don't know who the man is; I wouldn't be able to ID them. And then yesterday she said, well, that's him over there. And I showed her a picture of Alice Monnet and she says, yeah, a year later, that's what she looks like.

But she added another reasonable doubt because she added to her story again, after she talks to somebody. Now, you have this 5 foot 6, white male, shooting a gun in the air. How come nobody else heard it? And if the white man shot the bullet in the air, how do you explain the bullet fragment that was taken out of the car? And you know what the biggest lie Alice Monnet told, after she finally admitted a year later, that she was high at the time? She said I got this text; it says 469-1111. It doesn't -- it doesn't even have Michael Kennedy's name on it. And then supposedly she comes up with this game plan to go pick up her car. And, you know, you're going to go to 1205 Bolton to go pick up the car. Go to 1205 Bolton. Don't have a supposed friend drop you off down the street. Who created those reasonable doubts? They did. I didn't go look for a female. I went to go ask.

And, you know, the only one that could have known and told you that there was another female in

Ladies and Gentleman of the Jury, I did not investigate from the beginning because I would have provided you with more pictures.  I would have provided you with people on the streets that would have come forward.

We did not create the reasonable doubt that existed before we walked into that door.  I didn't tell Glenda Pemberton, you're going to testify that you saw Mary Glisson inside the truck.  It wasn't my fault that they don't follow-up.  What did Ms. Pemberton tell the police?  That's my son's pickup.  He went to go get some supplies.  And if you want to hang around, you can come back and talk to him.

How did one officer characterize her demeanor?  She didn't have anything to hide.  She didn't see anything.

You know, the law says that we don't have to put on any evidence.  Sometimes you have to put on the only evidence that you can find because it's the truth.  Sometimes you have to tell the State, you stopped short.  You stopped short.  Remember when I was talking to you yesterday about not kind of, try to prove.  It says beyond a reasonable doubt and you-all are reasonable people.

Ladies and Gentleman of the Jury, there is

knocked in the face. Can you blame her for wanting to leave at that point? So she gets a friend, gets her to pick her up and she leaves.

The next day she gets a text from Michael saying, well, your car's shot up and your tires are slashed. Come get this shit or send your old man to get it. Sounds like a jilted lover to me; someone who is upset with her because she's going back to her old man.

She decides to come get her vehicle. The first mistake she makes that day is not waiting for that civil standby. She at least has the presence of mind to think something is going to happen. You'll see in that exhibit the timestamp on it says she got that text message at 2:38 in the afternoon. The 911 call exhibit going into the file says that first 911 call she made was at 2:40, just after she got that text, asking for someone to come out to be there with her so she can get her car. She got impatient; probably not the smartest thing to do.

She decided to go ahead and walk up anyway and then we've heard what happened then. We've heard some wild and inconsistent stories from that side and we've heard some more consistent testimony from Ms. Monnet and Ms. Vasquez and the Defendant. But let's talk about what the Defendant actually said in that

his reaction to the allegation of a gun. Oh, well, she just saw me pointing at her. She -- it's just my finger, just like that (indicating).

That's how he told her. That's how he told her to come get her car, like he admitted that he told her. Well, your tires are gashed and your car is shot up. Either come get it or bring your old man to pick this shit up.

You heard her tell you that is from a number where she's gotten stuff from him before, where she's communicated with him. Not everybody is great about putting their names with their phone numbers in their directories. Some of us have varied skill levels with our phones. But, again, he admitted that he told her to come get it.

Does that look like that was done by accident? Does that look like the Defendant accidentally slipped with his foot and kicked in her windshield? Does that story sound reasonable at all? Does that story pass the giggle test when you go back and listen to it again?

Alice said that she knew the Defendant to own a .380 pistol and that she saw it the night before when they had the fight.

You heard Officer Wheeler come in and show

IN THE COURT OF APPEALS
SEVENTH DISTRICT OF TEXAS OF AMARILLO.
NO.07-14-00353-CR

FILED
AUG 04 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG. CLERK
Rule 9.2(b)

MICHAEL RAY KENNEDY. APPELLANT.
V.
THE STATE OF TEXAS . APPELLEE.

ON APPEAL FROM THE 108th DISTRICT COURT.

POTTER COUNTY, TEXAS

TRIAL COURT NO.67,789-E

HONORABLE DOUGLES WOODBURN,PRESIDING.
"MOTION FOR REHEARING" FROM
MEMORANDUM APPEALS COURT:
MEMORANDUM OPINION JULY 16,2015

TO THE HONORABLE APPEALS COURT:
NOW, COMES MICHAEL RAY KENNEDY APPEARING PRO-SE, FILES THIS,
MOTION FOR REHEARING:WITHIN 15 days OF THE DATE APPELLANT
RECEIVED THE MEMORANDUM OPINION FROMPOTTEOTTGO MAIL ROOM.
RECEIVED THE MEMORANDUM OPINION FROM THE TDCJ MAIL ROOM.
FOR GOOD CAUSE  SHOWING THE FOLLOWING:

"REQUEST ORAL ARGUMENT"

CERTIFICATE OF SERVICE.
THIS MOTION FOR REHEARING WAS PLACED IN THE LEGAL MAIL
BOX ON      -    -2015, SEE CAMBEL V. STATE 320 S.W.3d 338,
,344(TEX.CRIM.APP.2010) PRO-SE deemed filed at time delivered
to prision authorities.

RESPECTFULLY.

*Michael Ray Kennedy*

TO THE HONORABLE JUDGE OF SAID COURT :
UNDER TEXAS RULES OF APPELLATE PROCEDURE TRAP 1. SCOPE OF RULES:
LOCAL RULES OF APPEALS1.2(c) Parts noncompliance.A court must not dismis
an appeal for noncompliance with a local rule witout giving noncomplying
party notice and a reasonable opportunity to cure the noncompliance.
[APPELLANT ASK THIS COURT TO BE ALLOWED TO CORRECT ANY ERROR IN
THIS MOTION THAT MAY ARISE.
THANK YOU.

## POINT OF ERROR NUMBER ONE.

ATTORNEY DONALD F. SCHOFIELD ATTORNEY FOR APPELLANT FILED A GR, OUNDLESS BRIEF SEE TRAP RULE,52.11.(a) fileing a petition that is clearly groundless.

HOHONORABLE JAMES T. CAMBELL JUSTICE IS EXZACTLE RIGHT OF THE SOLE ISSUE OF APPEAL.PREPAIRED BY MR.SCHOFIELD THE IMPEACHMENT EVIDENCE HE SOUGHT TO INTRODUCE IT WAS INSUFFICIENT TO MEET THE OFFER OF PROOF requirement of rule evidence 103 (3)(2) nothing is preseved for the appe, als court to review Tex. R. APP. P. 33.1. also see the dead bang winner on ineffective appellate counsel see.BOND V. US 1 F.3d 631.(Ca 7, 1993).

Failure of appeallant counsel to raise the ineffectiveness issue on dire, ct appeal may be that appellate counsel were themselves ineffective.

SEE.VELARDE V. UNITED STATES 972 F.2d 826,827 (7th cir 1992) for instance appellate counsel maybe "constitutionally" deficient in, [omitting a dead -bang winner even while,Zealously pressing, other strong (but Unsuccesfull claims).

SEE.PAGE V.[P635] UNITED STATES V. 884 F. 2d 800, 302,(7th cir 1989) T THAT DEAD BANG WINNER "COULD BE THE ARGUNMENT THAT TRIAL COUNSEL MADE errors so serious that his representation fell out side the wide range of professionally competent assistance.

STRICKLAND,104 S.CT.at 2066,466U.S 690,Ineffectiveness compounded by ineffectiveness in this way would leave motion as the only viable means for a defendant to seek relief from the errors of his trial lawyer.

Attorney filed no merit brief constitutes denial of counsel, SEE LOFTION V. WHITLEY,905 F. 2d 885(CA 5 1990)p.887 an accused is const, itutionally entitled to effective assistance of counsel on direct appeal as of right.

SEE.EVITTS V. LUCEY 469, US 387 105 S.CT 830,83L.ED 2d 821(1985) lofon contends that he was constructively denied assistance of counsel on appeal because his atttorney filed a brief which did not assert any arguable error and therefiore prejudce should be presumed

• failure of trial attorney to impeach witness held to support "IAC· S SEE:us. ex rel mc Call V. o grady 908 F.170(ca 171990) "defense counsel did not represent the defendant to the satisfaction of the sixth amendmant when counsel fails to pursue an impeaching,

Cross-Examination or present additional evidence that would in all reasonable probability cast a reasonable doubt on the testimony of the Government main identification witness."Mc 714 F. Supp at 379.

not chooseing to impeach vasquez and failing to be broached at trial. It is apparent the convictions of vasquez and monnett carried little or additional impeachment weight TEX.R. EVID 609(a).

The one sole issue at appeal was without merrit. And shows appeal attorney did not investigate the facts or law to the case a skilled appeal attorney should of known the Law" Motion in limine Whether granted or denied preserves nothing for appellate review. SEE.Griggs V. State 213 S.W.3d 923,926 n.1(Tx.Crim App2007) Facts that appeal attorney has barred for relief, [A] If issue could have been raised on direct appeal,relief will not be granted on a habeas application, [exparte Cruzata 220.S.W.3d 518(Tex.Crim App 2007]

APPEAL ATTORNEY SHOULD OF RAISED INEFFECTIVE ASSISATNCE IN THE MOTION
  for new trial SEE REYES V. STATE 849 S.W.2d 812,815 (TX CRIM APP 1993)

  trial attorney should of impeached the witnesseven though it would of
[EVEN THOUGH IT WOULD OF HAD KNOW DIFFERENT OUTCOME THAT IS UP TP )THE
APPEALS COURT TO DECIDE ATTORNEY DID NOT KNOW HOW THE APPEAL COURT WOULD
RULE SEEU.S. EX REL.McCall V. O"Grady 908 F. 2d 170 (CA 7 1990)
       Appellant ask this HONORABLE COURT TO REVERSE THE APPEAL BRIEF APPEAL
ATTORNEY FILED AND ALLOW APPEALLANT TO FILE PRO_SE BRIEF.TO ADDRESS THE
DUE-Process Errors and the Insufficient Evidence and Legally Insufficient
evidence.
SEE.MYERS V. JOHNSON 76 F.3d 1330(CA 5 1996)right to submitt pro-se appe,
llata brief SEE.Mc kaskle 465 US.at 178 104 S.CT at 951.Appellant wrote,
appeal attorney asking him to allow him to amend the brief he filed beca
use it had no merit to it there was noresponce from the attorney.

    It is a right to have effective appellant counsel not just mere
appointment of an attorney.the case that controls this is found in,
SEE.EVITTS V. LUCEY 469 US.392.105 S.CT 830   83 L.ED 2d 821(1985)
    It is shown by this respectfully.court appeallant attorney could not
had read the record there was on one sole ground raised appeallant ask
this court to reverse the appeal brief filed to be allowed to file pro-
se brief on grounds that was objected to and some that wasent.both attorenys
were ineffective.

                     REQUEST EVIDENTARY HEARING




APPELLANT COUNSEL WAS INNEFFECTIVE SEE.SMITH V. ROBBINS, 528 U.S. 259(2000)


Note:The reporter records are not attached or exhibits because TDCJ
does not provide access to a copy machine.IN the states responce
they mention the RR exzist..

2

PONIT OF ERROR NUMBER TWO.

.Trial attorney and appeallent attorney failed to investigate the case a
a seized bullett failing to file motion for a expert to test the bullitt
A Ballstics test not reviewed or preformed ballistics atomic,
absorption test.
An attorneys performance is deficient when it falls below an objective
standard of reasonableness,under prevailing professional norms and according
to the necessity of the case.ABA standards for criminal justice(2ded 1980)
Id at 689.SEE frangias v. state 392 S.W.3d 642.653(Tx.Crim App (2013)
An attorneys deficient performance prjudices probability that the
outcome of the trial would have been different but for counsels deficiency
See.Cox V. State 389,S.W.3d 817,819(Tex Crim APP2012)
a reasonable probability has been defined as a probability sufficient to
undermine confindence in the outcome.ID (Quoting Strickland.466US at 694)
DUTY TO INVESTIGATE
[DUTY TO INVESTIGATE]
One necessary facet of professional assistance is the investigation of
the facts and law applicable to a case.Counsel has a duty in every case
to make a reasonable investigation or a reasonable decision that an
investiagtion is unneccssary strickland 466,us at 691.
See.EX PARTE IMOUDA 284 S.W.3d 866,870 TX.CRIM APP.2009.

"When assessing the reasonableness of an attorneys investigation a revieing
court must consider the QUANTUM OF EVIDENCE ALREADY KNOWN TO COUNSEL AND
WHETHER THE KNOWN TO EVIDENCE WOULD LEAD A REASONABLE ATTORNEY TO INVESTIGATE
FIRTHER.
SEE.EXPARTE MARTINEZ 195 S.W.3d 713,721,(TEX.CRIM. APP 2006)
the duty to investigate has been the prevailing norm for the forty years
the aba has required defense and appeal atorneys to thoroughly
Investigate the facts and circumstances.
[EXPARTE DUFFY 607 S.W.2d 507(TX.CRIM APP 1980]
[Appeallant is restrained in his liberty by virtue referring to.
RR 2. P-153 Thru 156.and Exhibit 14-15-16-17-18.
Which cannot be obtained.SEE TX Crim app.RULE(3)(b):C.C.P. ART 11.13.
RR 2 p-153 is discussing damage to the victims car.LN 20-22.A]due to the
story that Ms.Monnet gave(i)beleived it to be a entry hole to .,from a
bullit from a gun.RR 2 P.154 Exhibit 16. Is that the bulliet next to the
entry hole.YES once (i) removed it (i)got a photo of the bullit Exhibit 17.
Attorney Approches the wittness[RR 2 155] LN.1-2 Q Okay how do you
know that this is the same bullit you retrieved that day exhibit 18.

Attorney allowed officer wheeler without any objection to testefie on
scientific EVIDENCE PG 155 Ln 22-23-24. Are you professionally familiar,
with firearms.and ammunition.LN25 I"am familiar with them.
PG 156.The offocer claims the round collected is a 380. without any
testing are proof. by an expert.This is speculation no fact to support
and violates Tex RULE 702 the proponent must persuade the trial court by
clear and convincing evidence that the evidence is reliable and therefore
relevent.Attorney failed to file or investigate the bullit or object to
the introduction of the exhibits or file a motion to qualify experts and
conduct gate keeper hearing.SEE.KELLY V. STATE 824 S.W.2d 568 (TEX CRIM,
APP, 1992 ) alsoHartman V. State 946 S.W.2d60(tex Crim app1997)
also Daubert v. Merrell Dow Pharmaceuticals.Inc.
509 US. 579.594 113 S CT 2786,125 L.ED 2d 469(1993)
TX.rules OF EVIDENCE 104(a)&(c) and rule702.

3

There was no ballistics atomic absorption test conducted violating CHATOM V. WHITE 858 F.2d 1479.SEE Barbee V. Warden Maryland Penitentiary 331 F. 2d 842(1964)

The round found as listed in Exhibit14-15-16-17-18.of a bullit pursuant to artical 11.073 of The Texas Code of Criminal Procedure , Appeǝlant requeats that all available evidence be submitted for scientific testing of the slugg ie. round bullit found.also any material faberic found on the car seat appellant is innocent of firǂing a weapon the sluggs was already there before all of this occured and the proper test will prove corrosive texture was already there proving the bullit was not fired, on the day the court used the exhibits and the day the bullit was found in a head rest of a car.

APPELLANT IS INNOCENT OF FIREING A WEAPON THE SLUGG WAS ALREDY, THERE BEFORE ALL OF THIS OCCURED AND THE PROPER TEST WILL PROVE CORROSIVE TEXTURE SHOWING HOWLONG THIS SLUGG WAS THERE IT REALLY DOES NOT MATTER OF THE SIZE OF CALIBUR AT THIS TIME BECAUSE THE STATE HAS NO WEAPON AND THE APPEALLANT STATED HE HAD NO WEAPON. THE POINT IS HOW LONG WAS THE SLUGG IN THE CAR REST,UNDER 11.073 article applies to any relevent scientific evidence.without this test.

IT WOULD "SHOCK THE CONSCIENCE" BEING CONVICTED ON THE BASIS OF, EVIDENCE OBTAINED BY MEANS THAT SHOCKS THE CONSCIENCE... SEE.ROCHIN V. CALIFORNIA,342 U.S 165 (1952).

•The bullit was speculation of the calibur but the main factor is the testimony leǝd the jury to beleave the bullit was fired when the wind, shield was knocked out of the car the intire testimony was allowed to be given leeding a false impression that a gun was present and it was fired.

THE evidence presented was INSUFFICIENT the convistion was obtained result of evidence that is insufficient to persuade a properly instructed, reasonable jury of his guilt beyond a reasonable doubt.

SEE.JACKSON V. VIRGINIA 443 US 307 (1997)Appeallant attorney should of filed this point of error because it will prove appellant did not fire no weapon.ie the bullit had to alraedy be there.THIS is false evidence used to convict MILLER V. PATE 386 U.S. 1(1967). under 11.073 AND HOUSE V. BELL 126 S,CT 2064(2006)testing undermines the prosecution theory of the case.Rather biolgical evidence or nitrate gun powder evidence is used to convict it is subject to testing to prove innocence of firǂing a weapon.just because a slugg was found does not mean the defendant fired the weapon see.MATHEWS V. ELDRIDGE 424 US.319, (1976)

TEX CODE CRIM PROC. ANN ART 11.073 stated that reasonable diligence suggest at least some kind of inquiry has been made into the matter at issue EX PARTE SLEDGE 391 S.W.3d 791,794,(Tex CRIM APP.2013) The Intention. behind article 11.073 is to create a legal avenue for innocent defendants convicted on based on false and discredited forensic testimony, (citing Exparte Lemke 13 S.w.3d 791,794(tex crim app 2000)

according to the nationalinstitute of justice nitrite residue testing or corrosion are not visible testing of this bullit will show it was there for a longer period of time than what the court leed the jury to beleave, and will show deffendant did not fire a weapon,

Artical 11.073 offers a vehicle for an appellant to ensure insure they received a fair trial as well as a valid conviction

4

SEE EXPARTE GUUTIERREZ 337 S.W.3d 883,893 (Tx Crim. App 2011)
    Trial counsel and appeallant counsel failed to retain services of fi
              forensic expert SEE.SIMS V. LIVESAY 970 F.2d 1575,
APPEALLANT PRAYS A HEARING BE CONDUCTED UNDER THIS MOTION TO TEST BULLIT
    FOUND  IT IS A STRONG PIEACE OF THE EVIDENCE THAT WILL PROVE APPEALLANT
Is innocent of fireing a weapon the bullit is old of nature a test will
prove there was bad lawyering and false testimony the witness who
testefied a gun was fired would not go in there favor because defendant
did not have or fire a weapon.

    APPPEALLANTS ATTORNEYS ARE INEFFECTIVE FOR FAILING TO TEST THE BULLIT
THE OUTCOME OF THE CASE WOULD HAVE BEEN DIFFERENT APPELLANT PRAYS FOR TE
              TESTING AND RELEIF TO FILE HIS OWN PRO SE BRIEF.
THE FAILUR TO BE ALLOWED TO FILE A BRIEF THAT HAS MERIT WOULD DENIE
THE RIGHT TO REPRESENT HIMSELF EVEN THOUGH APPEALLANT COUNSEL WAS
APPOINTED SEE.FARETTA V. CALIFORNIA 422 U.S.806(1975).


OTHER SERIOUS FACTORS ARE IN THE INDEX CAUSE NUMBER67789-E,

* NOTICE OF POTENTIAL BRADY MATERIAL PG 44.
* SECOND NOTICE OF POTENTIAL BRADY MATERIAL PG,41.
* THIRD NOTICE OF POTENTIAL BRADY MATERIAL PG 51.
              [APPEAL ATTORNEY INVESTIAGTED NONE OF THE BRADY MATERIAL]

       claims of ineffective assistance of counsel frequently requires,
an evidentiary hearing.WHERE there ia a dispute the client and attorney
    over what occured the trial court is requird  to make a credibility
            determination that can best be made after a live hearing.
SEE.Gallego V. United States 174 F.3d 1196(11th Cir.1999)is,
particularly instructive on the question of judgeing credibility when
counsel and the client disagree on factual questions.

       Both attorneys have violated and hindered  the right to preserve
              further appeallant grounds a myriad of other rights,
AS justice sutherland exsplained in Powell V. Alabama 287 U.S.45.53 S.CT
55,77 L.Ed.158 (1932)"right to the effective assistance of counsel
.SEE.McMann V. Richardson 397,U.S.759,771,n.14,90 S.CT 1441,1449,25L.Ed.
2d 763(1970)
    THE INTEGRITY OF OUR  CRIMINAL JUSTICE SYSTEM AND THE FAIRNESS OF THE
AND THE FAIRNESS OF THE ADVERSARY CRIMINAL PROCESS IS ASSURED ONLY IF AN
    ACCUSED IS REPRESENTED BY AN EFFECTIVE ATTORNEY.SEE UNITED STATES V.
       MORRISON 449,U.S.361,364,101 S,CT.665,667,66L.Ed.2d 564(1981)
Absent the effective assistance of counsel "aserious  risk of injustice
         infects the trial itself.'cuyler v. sullivan 446 U.S 335,343

the bullit and brady material is far more important than some bad check
or soem form to impeach some wittnes that has  aprior conviction,
ALSO THERE IS PROOF THAT THE RIGHT TO PRESENT A DEFENSE VIOLATING
CHAMBERS V. MISSISSIPPI 410,U.S 284 (1073)the Identification suggestive
the attorneys allowed this to violate SEE.NEIL V. BIGGERS 409 U.S.188,
(1972) Manson V. Brathwaite 432 U.S 98 (1977)

APPELLANT REQUEST THE RIGHT TO HAVE THE BULLIT TESTED TO SEE HOW OLD
THE SLUGG WAS. AND THE RIGHT TO FILE A PRO-SE BRIEF .
    THANK YOU FOR READING MY ARGUMENT.
                        RESPECTFULLY SUBMITTED.
                        Michael Ray Kenneely.

07-14-00353-CR

CERTIFICATE OF COMPLIANCE

PURSUANT OF PROPOSED RULE CERTIFIES THAT THIS MOTION ON REHEARING,
COMPLIES WITH THE TYPE VOLUME LIMITATIONS OF TEX.R.APP.PROCEDURE9.4(e)(i)
EXCLUSIVE THIS MOTION CONTAINS LESS THAN is less than 2,400 words.
and is only seven pages long.

certificate of service

I HEREBY CERTEFIE THAT THIS HAS BEEN PLACED IN TO THE LEGAL MAIL
MOTION FOR REHEARING ONJULY 29.2015.ALSO THE MAIL ROOM SET ON THE MAIL
I DID NOT GET THE OPION ON THE 17th of july as the attorney makes it appear
respectfully submitted

*Michael Ray Kennedy*

ENCLOSED IS MOTION FOR REHEARING

DEAR CLERK OF APPEALS COURT .

I ASK THAT THIS MOTION FOR REHEARING IS FILED IN THE CORRECT COURT,
AND THAT I RECEIVE NOTICE OF THE TIME STAMED AND FILED.
THANK YOU FOR YOUR ATTENTION IN THIS BATTLE.
CORDIALLY.

*Michael R. Kennedy.*

FILED
AUG 04 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK
*Rule 9.2(b)*

APPENDEX

STATES BRIEF   NO#07-14-00353-CR.       EX,(6)

PAGES:8,
       9,
       28

STATES BRIEF   NO#07-14-00353-CR.       EX,(6)

calling 911 because appellant had pulled a gun on the victim. *RR2:134-36* Later, Joel heard a loud noise but is not sure what it was. *RR2:136, 139-40*

**Michael Wheeler.** Wheeler has been a police officer over two years. *RR2:141* He responded to this incident 911 call and was flagged down by the victim. *RR2:143* She was visibly upset, crying, shaken, distraught, and afraid. *RR2:144* She had a cut below her eye. *Id.* He was aware the victim and appellant had earlier gotten into a fight. *RR2:144, 166* Wheeler took photos of the victim and her vehicle damage. *RR2:145-54, 167; State's Exhibits 4-17.* The victim's windshield was broken, a tire was slashed, the front passenger window was shattered with glass inside, and a spent 38 bullet was found in the driver headrest. *RR2:151-56, 170-71; State's Exhibit 6-18.* Due to the bullet found in the seat, Wheeler believed a gun was involved. *RR2:163.*

Wheeler interviewed the victim and Officer Landrum interviewed the 911 caller. *RR2:156, 159, 165* The victim did not appear to be under the influence. *RR2:165* On cross-exam, Wheeler stated he did not know about the victim's criminal history. *RR2:158* Wheeler testified that knowing her criminal history would not change his assessment of her that day. *RR2:172*

**Alice Monnet.** The victim's clothes were identified as prison attire. *RR2:174* She acknowledged that after the events of this case, she got in trouble and ended up pleading guilty to burglary, robbery, and unauthorized use of a motor

vehicle. *RR2:175* The victim further admitted to past troubles she pled guilty to and took responsibility for: misdemeanor theft, credit card abuse, and fraudulent use of ID information back in 2009; and, burglary of a building in 2012. *Id.*

The end of August 2013, the victim briefly became involved with appellant and moved in with him but then decided to go back to her husband. *RR2:176-77, 195, 198* Thereafter, the victim and appellant got in a fight and he hurt her eye. *RR2:177-78; State's Exhibit:5* On September 8, 2013, she tried to move out and take her car but she could not find her keys. *RR2:178* She had to get someone else to pick her up and left her car in an undamaged state. *Id.* On September 9, 2013, at 2:38 p.m., appellant sent her a text message: "Well, your tire is gashed and your car is shot up. Either come and get it or bring your old man to pick this shit up." *RR2:178-80; State's Exhibit:3*

The victim decided to go get her car but called the police on the way because she wanted them to be there while she got her stuff. *RR2:180-82; State's Exhibit:1* She grew impatient waiting for the police and went ahead and walked over to her car. *RR2:182* When she got close, she saw a tire was slashed and all the other tires had the air let out and a window was shot out. *RR2:183* Then, the victim saw appellant in his truck and they exchanged words and when he got out of his truck, she ran to the other side of her car and saw he had a gun in his hand. *RR2:183-84, 197* The victim had seen appellant's .38 the night of the assault. *RR2:184* He

9

admitted to theft or crimes of moral turpitude and prior convictions. It has been held that any alleged error in precluding a party from presenting evidence of a witness' prior convictions is harmless where the complaining party is allowed to impeach the witness with other prior convictions or crimes. **Smith v. State**, 850 S.W.2d 275, 279 (Tex.App.—Fort Worth 1993, pet. ref'd). Whether the complaining party has been able to impeach a witness in this manner is equally as important in balancing probative value against prejudicial effect as it is to whether the alleged error is harmful. **Woodall v. State**, 77 S.W.3d 388, 397 (Tex.App.—Fort Worth 2002, pet. ref'd). The State's case was strong even without the complained of prior convictions due to ample evidence of appellant's commission of the crime from 911 and jail calls and appellant's interview, the admission of incriminating testimony, the .38 bullet, and many photos of the scene and victim.

Here, appellant was allowed to impeach the eyewitness with a second-degree felony theft conviction for which she was still on probation. *Defendant's Exhibit:1* Appellant was further allowed to impeach the victim with six prior convictions and she appeared in her jail jumpsuit since she was incarcerated at the time of the trial proceedings. *Defendant's Exhibits:3-8* Defense counsel was allowed to attack the credibility of the witnesses in front of the jury and vigorously defended appellant and cross-examined every witness. The State disagrees the judge abused discretion regarding impeachment of the two witnesses, and further, argues any alleged error

28

APPENDEX (2)

MEMORANDUM OPINION JULY 16th,2015
COURT OF APPEALS,SEVENTH DISTRICT DENING MOTION FOR TESTING
COURT OF APEALS OVERRULEING MOTION FOR REHEARING.



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00353-CR

---

MICHAEL RAY KENNEDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 67,789-E, Honorable Douglas Woodburn, Presiding

---

July 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury convicted appellant Michael Ray Kennedy of aggravated assault with a deadly weapon.[1] In so doing, it found appellant pointed a gun at Alice Monnet, a person with whom he briefly cohabitated. The jury assessed appellant's punishment at twenty-

---

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). This offense is a second degree felony. TEX. PENAL CODE ANN. § 12.33 (West 2011).

nine years in prison and the trial court imposed sentence accordingly. Punishment was enhanced by two prior felony convictions.[2] We will affirm the judgment of the trial court.

## Background

Because appellant does not challenge the sufficiency of the evidence, we will state only those facts necessary for the disposition of the appeal. At the hearing on the State's motion in limine the trial court considered the admissibility of prior convictions to impeach two of the State's witnesses.[3] The prosecutor expressed a belief that Monnet had seven convictions admissible for impeachment. The court stated if Monnet testified, her convictions were admissible. Another State's witness, Sally Vasquez, was said by the prosecutor to have one prior felony conviction. He added that Vasquez, "has been previously arrested in the past several times for Misdemeanor Class B theft by check; however, none of those were theft convictions. All of those were actually reduced down to Class C, Issuance of a Bad Check. . . ." Accordingly, the court ordered in limine that the issuance-of-bad-checks convictions could not be mentioned at trial unless their admissibility was first established outside the presence of the jury.

The State called Vasquez and Monnet during its case-in-chief on guilt-innocence. Evidence on direct and cross-examination established Vasquez was previously convicted for felony theft. The judgment of conviction, admitted as a defense exhibit, indicated the theft occurred over a three-year period between 2008 and 2011. The

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014) (specifying under stated conditions enhanced imprisonment range of life or twenty-five to ninety-nine years).

[3] *See* TEX. R. EVID. 609.

value of the property Vasquez stole was $100,000 or more but less than $200,000. During trial, appellant's counsel did not ask the court to reconsider its order in limine concerning Vasquez's alleged convictions for "Class C, issuance of a bad check," nor did appellant make an offer of proof supporting these convictions.

Monnet was brought to trial as a State's witness wearing jail clothes. She agreed on direct examination that she was "serving [her] time" after pleading guilty to burglary, robbery, and unauthorized use of a motor vehicle. Monnet also agreed to previously pleading guilty to burglary of a building in 2012 and theft, credit card abuse, and fraudulent use of identification information in 2009. Later during direct examination she admitted using drugs on the day of the alleged assault and expressed a belief that she and appellant were "high" at that time. On cross-examination, Monnet admitted using methamphetamine on the day of the assault. She further admitted prior convictions for "unauthorized use of a motor vehicle," "burglary of a habitation," "robbery," "burglary of a building," "forgery by passing," and "fraudulent possession of identifying information." Corresponding judgments were admitted into evidence without objection.

Later during Monnet's cross-examination, the following occurred:

[Defense Counsel]: Did you also get convicted of carrying a prohibited weapon in–

[The Prosecutor]: Objection, Your Honor. May we approach?

The Court: Sure.

(At bench, on the record)

[Defense Counsel]: Judge, this girl has two–this young lady has two more–

3

The Court: Well, we talked about this before this ever started and you said those are the only ones that you had.

[Defense Counsel]: Right. And I found out she has two more; possession of prohibited weapon and substance—prohibited weapon convictions in misdemeanor court and County Court at Law.

The Court: Okay. I'm not going to allow it. You've already said what you said. I'll instruct the Jury to disregard.

(Open court)

The Court: Ladies and Gentlemen, you're instructed to disregard that last question.

## Analysis

In his sole issue on appeal, appellant complains the trial court abused its discretion by excluding evidence of Vasquez's alleged convictions for issuing a bad check and Monnet's alleged two additional convictions.

Appellant chose not to pursue impeachment of Vasquez with her alleged bad-check convictions. Although raised at the motion in limine hearing, the matter was not broached at trial. A motion in limine, whether granted or denied, preserves nothing for appellate review. *Griggs v. State,* 213 S.W.3d 923, 926 n.1 (Tex. Crim. App. 2007) (citing *Manns v. State,* 122 S.W.3d 171, 190 (Tex.Crim.App. 2003) and G. Dix & R. Dawson, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.152 (2d ed. 2001)).

Concerning Monnet's two alleged additional convictions, counsel's statement to the court related some information regarding the impeachment evidence he sought to introduce, but it was insufficient to meet the offer of proof requirement of Rule of



BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

October 21, 2015

Michael Ray Kennedy
TDCJ-ID 1968578
Stevenson Unit
1525 FM 766
Cuero, TX 77954

**RE:** Case Number: 07-14-00353-CR
Trial Court Case Number: 67,789-E

**Style:** Michael Ray Kennedy v. The State of Texas

Dear Mr. Kennedy:

Before the Court is your motion for "forensic analysis and testing" and your motion for appointment of counsel. The Court's opinion and judgment were issued on July 16, 2015. Its plenary power over its judgment expired on September 25, 2015. Your motions do not indicate the date you placed them in the prison mail system. This day, the Court ruled that if your motions were timely placed in the prison mail system, they are denied. *See* Tex. R. App. P. 9.2(b)(1). If your motions were placed in the prison mail system after the Court's plenary power expired, they are dismissed for want of jurisdiction. Tex. R. App. P. 19.1(b).

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

xc: Honorable Douglas Woodburn (DELIVERED VIA E-MAIL)
Caroline Woodburn (DELIVERED VIA E-MAIL)
Katherine L. Levy (DELIVERED VIA E-MAIL)
Don F. Schofield (DELIVERED VIA E-MAIL)

Evidence 103(a)(2). Nothing is preserved for our review.[4] Tᴇx. R. Eᴠɪᴅ. 103(a)(2) (to preserve error on exclusion of evidence party must make substance of the evidence known to the court unless apparent from context); *Mays v. State,* 285 S.W.3d 884, 889-890 (Tex. Crim. App. 2009) (applying Rule 103(a)(2)); Tᴇx. R. Aᴘᴘ. P. 33.1(a).

Moreover, even assuming *arguendo* it was error to exclude the complained-of evidence concerning the convictions of Vasquez and Monnet, any error was harmless. Tᴇx. R. Aᴘᴘ. P. 44.2(b). These two witnesses were thoroughly cross-examined and their character for truthfulness challenged. We are satisfied the additional convictions would have carried little or no additional impeachment weight. Tᴇx. R. Eᴠɪᴅ. 609(a). Appellant's issue is overruled, and the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

---

[4] For proof of the alleged convictions of Vasquez and Monnet, appellant refers us to documents attached to his amended motion for new trial. His motion for new trial does not satisfy the offer of proof requirement of Rule 103(a)(2). *See* Tᴇx. R. Eᴠɪᴅ. 103(c) (court must allow party to make an offer of proof as soon as practicable and before charge is read to jury).

Appendix (2)



BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

August 26, 2015

Katherine L. Levy
Assistant District Attorney
501 S. Fillmore, Suite 5A
Amarillo, TX 79101
* DELIVERED VIA E-MAIL *

Michael Ray Kennedy
TDCJ-ID 1968578
Stevenson Unit
1525 FM 766
Cuero, TX 77954

**RE:** Case Number: 07-14-00353-CR
Trial Court Case Number: 67,789-E

**Style:** Michael Ray Kennedy v. The State of Texas

Dear Ms. Levy and Mr. Kennedy:

By Order of the Court, Appellant's pro se Motion for Rehearing is this day overruled.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

xc:    Honorable Douglas Woodburn (DELIVERED VIA E-MAIL)
       Caroline Woodburn (DELIVERED VIA E-MAIL)
       Don F. Schofield (DELIVERED VIA E-MAIL)